



This Opinion Overrules Opinion C-75 where Conflicts

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

November 10, 1983

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
.uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Dear Mr. Driscoll:

Opinion No.  JM-95

Re:  Duplicate microfilm copies
of real property records

You have asked the following questions:

> 1.  Is the county clerk required to provide duplicate microfilm real property records to a person upon his request for same?

> 2.  If you answer the first question in the affirmative, what is the proper fee for same if certified?  If not certified?

> 3.  If the county clerk is required to provide duplicate microfilm copies to the public, can the clerk limit who may receive the copies and the use thereof?

We conclude that a county clerk must provide duplicate microfilm copies of real property records to persons requesting the same and may not limit who may receive such copies or the use thereof.  By "microfilm copies" we mean duplicates in microfilm form of the actual microfilm.  We conclude that appropriate fees for certified duplicate microfilm copies are established by article 3930(3), V.T.C.S., while the proper fees for such non-certified copies should be determined under section 9(b) of article 6252-17a, V.T.C.S.

The general statute governing the availability of records to the public is the Open Records Act, article 6252-17a, V.T.C.S.  Section 3(a) says that, subject to certain specified exceptions,

> [a]ll information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours of any governmental body . . .

Section 2(2) defines public records as

> the portion of all documents, writings, letters, memoranda, or other written, printed, typed, copied, or developed materials which contains public information.

Section 9(b) refers to

> public records . . . in computer record banks, microfilm records, or other similar record keeping systems . . .

We have consistently held "that the form in which information is stored does not determine its availability." Open Records Decision No. 364 (1983). In Open Records Decision No. 352 (1982), this office concluded that a computer tape (1) is "public information" under section 3(a) of the act, which provides that "[a]ll information collected . . . or maintained by governmental bodies . . . in connection with the transaction of official business is public information"; and (2) constitutes "developed materials" within the meaning of section 2(2) of the act, which defines "public records" as "the portion of all . . . developed materials which contains public information." See generally Open Records Decision No. 32 (1974) (tape recording of open meeting of governmental agency subject to required disclosure). See also Open Records Decision Nos. 182 (1977); 65 (1975). Microfilm records should be treated no differently than computer tapes and "are, therefore, not per se excepted from required disclosure under the act." Open Records Decision No. 352 (1982). Consequently, we have no doubt that the availability of duplicate microfilm copies of real property records from the county clerk's office is controlled by the Open Records Act and that such must be provided to the public pursuant to sections 4, 5(b), and 14(a).

However, section 9(d) of article 6252-17a, states that "[t]he charges for copies made in . . . the county clerk's office shall be as otherwise provided by law." Article 3930 sets out a fee schedule for various services of county clerks. It reads in pertinent part as follows:

> (3) For issuing each certified copy (except certified copy of map records and condominium records), notice, statement, license where the fee for issuing the license is not specifically provided by statute, or any other instrument, document, or paper authorized, permitted, or required, to be issued by said county clerk or county recorder, except as otherwise provided in Section 1, of this Act:
>
> For each page, or part of a page, a fee, to be paid in cash at the time each order is placed, of.....................................$1.00

plus $1.00 for the county clerk's certificate.

. . . .

(10) For such other duties prescribed, authorized, and/or permitted by the Legislature for which no fee is set by this Act, reasonable fees shall be charged.

Article 1941(a), section 3, states:

The microfilm records provided for in this Act shall be deemed to be original records for all purposes and shall be so accepted by all courts and administrative agencies of this State; and transcripts, exemplifications, copies, or reproductions on paper or on film of an image or images of said microfilm records, when issued and certified to by said clerk, shall be deemed to be certified copies of the originals for all purposes and shall be so accepted by all courts and administrative agencies of this State.

When these two statutes are read together, it is apparent that the proper fee for a certified copy of a duplicate microfilm of real property records is $1.00 for the county clerk's certificate to each instrument, etc., plus $1.00 for each page or part thereof. Since your office informs us that each frame of the county clerk's microfilm records contains a representation of only one page of the original instrument, etc., our conclusion is limited to this fact situation.

With regard to non-certified copies for which no fee is specifically set, "reasonable fees" are to be charged. Since no further guidance concerning the standard in article 3930(10) is provided, it is appropriate to look to the Open Records Act as was done in Attorney General Opinion MW-163 (1980). Section 9(b) of article 6252-17a states that

[c]harges made for access to public records comprised in any form other than up to standard sized pages or in computer record banks, microfilm records, or other similar record keeping systems, shall be set upon consultation between the custodian of the records and the State Board of Control, giving due consideration to the expenses involved in providing the public records making every effort to match the charges with the actual cost of providing the records.

We believe that this standard should be applied by the county clerk in supplying copies of non-certified copies. A custodian of records should consult with the State Purchasing and General Services Commission to establish the appropriate charges to be made to the requesting party for non-certified copies. See Open Records Decision No. 65 (1975).

To the extent that this opinion conflicts with Attorney General Opinion C-75 (1963), the latter is overruled.

### S U M M A R Y

The Open Records Act requires the county clerk to provide duplicate microfilm copies of real property records without limiting who may receive them or the use to which such records are put. The county clerk must charge the fees set out in article 3930(3), V.T.C.S., for certified copies of such microfilm copies. The county clerk should comply with section 9(b) of article 6252-17a, V.T.C.S., in determining the "reasonable fees" authorized by article 3930(10), V.T.C.S., for non-certified microfilm copies of real property records.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood